UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
Plaintiff,

v.

FRANK HOWARD,

Defendant.
_____/

Case No. 16-mc-51863

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT [13]

**I.     Introduction**

Defendant Frank Howard pleaded guilty to one count of Social Security Representative Payee Fraud under 42 U.S.C. § 408(a)(5), on January 14, 2016. *See United States v. Howard*, 15-cr-20731, ECF No. 11, p. 1 (Pg. ID 27). As part of his sentence, the Court ordered Howard to pay restitution of $79,364.00 to the Social Security Administration ("SSA"). *Id.* at ECF No. 17, p. 6 (Pg. ID 77).

On December 20, 2017, Howard moved for relief from the Judgment, and on January 2, 2018, the Government responded to his motion. *See* Dkt. Nos. 13, 14. The Defendant filed on January 30, 2018 a reply in support of his motion. *See* Dkt. No. 15.

Presently before the Court is the Defendant's Motion for Relief from Judgment [13]. The motion is fully briefed, and a hearing on the motion was held on Monday, March 12, 2018 at 2:00 P.M. For the reasons detailed below, the Court will DENY the Defendant's Motion for Relief from Judgment [13].

## II. Background

Since his January 14, 2016 sentencing, Howard has encountered financial difficulties. First, starting April 2017, the SSA has applied all of his social security benefits toward the Court-ordered restitution. Dkt. No. 13, p. 2 (Pg. ID 61); *see also* Dkt. Nos. 13-3, 13-4. And pursuant to divorce proceedings, as of January 2018, his ex-wife has received half of his monthly FCA US LLC pension. Dkt. No. 13, p. 2 (Pg. ID 61). Therefore, according to the Defendant, his only income will be half of his FCA US LLC pension and all of his veteran's pension, allegedly placing him below the poverty level. *Id.* at pp. 2–3 (Pg. ID 61–62).

## III. Discussion

In sentencing the Defendant, the Court did not specify a payment plan for restitution. *See United States v. Howard*, 15-cr-20731, ECF No. 17, p. 6 (Pg. ID 77). Accordingly, payment was due in full immediately. *See* 18 U.S.C. § 3572(d). Howard asks the Court to amend the payment schedule, claiming there has been a material change in his economic circumstances that affects his ability to pay restitution. *See* 18 U.S.C. § 3664(k). The Defendant's financial situation is

2

unfortunate. But, the law does not entitle Howard to relief. Therefore, the Court will deny his motion.

Howard is not entitled to relief for two reasons. First, administrative relief from an order of restitution is only proper under 18 U.S.C. § 3664(o), and this provision is inapplicable here. Second, the Court lacks jurisdiction to the extent Howard contests the SSA's decision to withhold all of his social security benefits.

A. Statutory Relief from Judgment

18 U.S.C. § 3664 governs procedures for the issuance and enforcement of restitution orders. And 18 U.S.C. § 3664(o) details the limited instances where a court can amend, correct, or adjust a restitution order. Howard vigorously, and unsuccessfully, argues 18 U.S.C. § 3664(o)(1)(D) affords him relief.

That provision authorizes an adjustment to a restitution payment schedule pursuant to 18 U.S.C. § 3664(k). 18 U.S.C. § 3664(k) allows courts to alter a payment schedule if there is a material change in a defendant's economic circumstances. Howard contends the principal change in his circumstances is that, since April 2017, the SSA has withheld his entire monthly social security benefit payment and contributed this amount toward satisfaction of the Court-ordered restitution. Additionally, as of January 2018, his ex-wife has received half of his FCA US LLC pension. Howard maintains these changes will sink his income below

the poverty line, and exacerbate his significant outstanding liabilities, including medical bills. Dkt. No. 13-1, p. 2 (Pg. ID 65).

Howard cannot secure relief through 18 U.S.C. § 3664(k), however. The Court did not set a payment schedule for restitution. Howard, then, must pay restitution in full and immediately. *See* 18 U.S.C. § 3572(d). In this circumstance, courts in this Circuit have concluded that no schedule exists for the Court to amend. *See United States v. Strickland*, 13-cr-20155, 2017 U.S. Dist. LEXIS 36024, at *2 (E.D. Mich. Mar. 14, 2017) (finding that as "the [c]ourt did not implement a payment schedule in its restitution order[,]" "there is no payment schedule for the Court to amend"); *see also United States v. Nelson*, No. 03-80712, 2013 U.S. Dist. LEXIS 94515, at *4 (E.D. Mich. July 8, 2013) (concluding "the court cannot modify a non-existent payment schedule"). The Court will reach the same conclusion here. As Howard cannot find relief under 18 U.S.C. § 3664(o), the Court is not at liberty to alter his restitution payment schedule.[1]

---

[1] The other provisions of 18 U.S.C. § 3664(o) also do not apply. Indeed, Howard is not seeking a correction of his sentence under Rule 35 of the Federal Rules of Criminal Procedure (and in any event, the time to correct such an error has long passed). 18 U.S.C. § 3664(o)(1)(A). Because Howard forfeited his right to appeal, 18 U.S.C. § 3664(o)(1)(B) is inapplicable. And finally, Howard makes no argument under 18 U.S.C. § 3664(d)(5), which relates to ascertaining the victim's losses. *See* 18 U.S.C. § 3664(o)(1)(C).

B.  Jurisdiction

The Court will deny the Defendant's motion on another basis: The Court lacks jurisdiction to the extent Howard disputes the SSA's decision to fully withhold his benefits. The Government correctly argues that 42 U.S.C. § 405(g) is the only avenue through which Howard can contest the Administration's determination to withhold benefits. *See Strickland*, 2017 U.S. Dist. LEXIS 36024, at *2; *see also Nelson*, 2013 U.S. Dist. LEXIS 94515, at *5–7. 42 U.S.C. § 405(g) authorizes a federal district court's review of "any final decision of the Commissioner of Social Security made after a hearing." Howard has not exhausted his administrative remedies, and this is fatal to his motion.

What is more, the SSA can withhold all of Howard's social security benefits, despite the grave and unfortunate impact withholding is having on his finances. *See* 20 U.S.C. 404.502(c). Specifically, 20 U.S.C. § 404.502(a)(1) establishes a general rule that where a person receives an overpayment, "no benefit for any month and no lump sum is payable to such individual, except as provided in paragraphs (c) and (d) of this section, until an amount equal to the amount of the overpayment has been withheld or refunded." § 404.502(c)(1) then permits a departure from this rule if it would "deprive the person of income required for ordinary and necessary living expenses."

But, Howard is not eligible for this departure because he pleaded guilty to an offense involving an "intentional false statement or representation." *Id.* at (c)(2); *see Strickland*, 2017 U.S. Dist. LEXIS 36024, at *2; *see also Nelson*, 2013 U.S. Dist. LEXIS 94515, at *6–7. Accordingly, the Court lacks jurisdiction to alter the full withholding of Howard's SSA benefits. And even if the Court did not lack jurisdiction, Howard still would not be entitled to an adjustment of the Administration's determination.

## IV. Conclusion

The Defendant moved for relief from Judgment, requesting that the Court amend the payment schedule of his restitution for pleading guilty to one count of Social Security Representative Payee Fraud under 42 U.S.C. § 408(a)(5). Dkt. No. 13. In the light of the foregoing reasons, the Court will DENY the Defendant's Motion for Relief from Judgment [13].

IT IS SO ORDERED.

Dated: March 14, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 14, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk